UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN HASSAN,

                        Plaintiff,              **ORDER**
                                                    13-cv-4544 (JMA)(SIL)
   -against-

TOWN OF BROOKHAVEN,

                        Defendant.
------------------------------------------------------------x
**LOCKE, Magistrate Judge:**

      This action was commenced by Plaintiff *pro se* John Hassan ("Plaintiff" or "Hassan") against Defendant Town of Brookhaven ("Defendant" or the "Town"), alleging, *inter alia*, violations of his Fourth Amendment and due process rights by the Town and its agents.[1] Presently before the Court is a letter motion, DE [39], by Hassan, seeking the issuance of Court-ordered subpoenas, the compulsory production of certain items of written discovery, and an Order of protection from having to comply with certain of the Town's requests for discovery. The Town opposes the motion, DE [40], also seeking protection from having to comply with certain discovery, and cross-moving to compel responses to its outstanding documents demands. For the reasons set forth herein, the motion and cross-motion are denied.

---

[1] Hassan initially commenced the action by filing an Order to Show Cause seeking a temporary restraining order and injunctive relief. *See* DE [3]. Judge Feuerstein declined to the sign the Order to Show Cause, but, by Order dated September 13, 2013, construed it to be a Complaint. *See* DE [11]. Thereafter, on or about September 23, 2013, Hassan filed an Amended Complaint, DE [12], which is now the operative pleading. Issue was joined on or about October 11, 2013, DE [14].

1

I. **Background**

Hassan's claims arise from the Town's enforcement of Section 45-4(D) of its Sanitary Code (hereinafter, the "Anti-Littering Law") against him. That local law provides, in relevant part:

> Any person owning, occupying or in control of private property shall maintain such property, including the sidewalk in front thereof, free of litter. In the event that the owner, occupant or person in control of private property located within the Town shall fail to remove litter located on such property, the Town shall have the authority, as provided for herein, to enter upon such property, to remove the litter so located, to assess the cost and expense of such action against the property and to establish a lien in the manner provided herein below.

Sanitary Code of the Town of Brookhaven § 45-4(D). According to Hassan, an unidentified Town resident complained to the Town about the condition of Hassan's property, and voiced concern that it was in violation of the Anti-Littering Law. As a result, agents of the Town inspected the premises and issued notices dated July 30, 2013 and August 9, 2013, both annexed to Hassan's unsigned Order to Show Cause, DE [3], advising Hassan that the presence of litter, including plastic bags, food wrappers, totes, buckets, plywood, a cooler, and other items on his property constituted a violation of the Anti-Littering Law and, specifically, that if the condition of Hassan's property was not corrected:

> [T]he Town shall undertake to enter upon the property and correct the violation in the appropriate manner as stated in Town Code, Section 45-4D(4) and/or 45-4E(4) and assess the cost of such removal against the property.

Hassan disputed that he had violated the Anti-Littering Law and contended that the various items kept on his real property were useful and valuable to him. *See*

2

Am. Compl. at p. 3 ¶ III(C) (alleging that the Town "called all [his] possessions illegal and subject to seizure [despite being] constantly useful and valuable to [his] personal and private lifestyle").

As noted above, the Town prosecuted Hassan under the Anti-Littering Law and, based on his letters to the Court, it appears he was convicted. *See, e.g.*, DE [13] (Sept. 23, 2013 Letter from Hassan stating that he was directed to appear in state court in connection with a littering ticket); DE [19] (Jan. 30, 2014 Letter from Hassan stating that he was arraigned in state court and was being prosecuted for violating the Anti-Littering Law); DE [20] (Sept. 19, 2014 Letter from Hassan stating that he was found guilty of violating the Anti-Littering Law). By this action, Hassan seeks injunctive relief in the form an Order prohibiting the Town from entering upon his real property, seizing his personal property, or otherwise violating his civil rights. *See* Am. Compl. at p. 4 ¶ V (stating that he does not "know what compensation [he] is entitled to for constant fear of return of Town truck [sic] and arrest" but requesting a "restraining order and injunction against illegal and unconstitutional violations").

## II. Relevant Procedural History and the Instant Motion

The Court conducted an initial conference via telephone on April 27, 2015, *see* DE [37], and a discovery schedule was entered at that time. *See* DE [38]. Pursuant to the discovery schedule, the parties were to serve document demands and interrogatories on or before May 25, 2015, with responses due no later than June 26, 2015. *See* DE [38].

3

Presently before the Court is a letter motion by Hassan, DE [39], seeking the following relief: (i) Court-issued subpoenas to "the Brookhaven Town Suffolk County District Court", "the Town Attorney", and the "Suffolk County Legal Aid Society", directing those individuals and entities to produce (a) "the oral testimony and photographs submitted to the Town Court in which the Town found [Hassan] guilty of littering on [his] real property and residence," and (b) "the ACOD [adjournment in contemplation of dismissal] that [Hassan] . . . accept[ed]" in that proceeding[2]; (ii) an Order directing the Town "to identify and produce all [T]own employees who had any participation in the complaint [lodged by a civilian about the condition of Hassan's property] and [his] prosecution and any witnesses besides [T]own employees" and "any correspondence or communications between any of them"; and (iii) an Order "clarify[ing]", "examin[ing] and reorder[ing]" certain of the Town's discovery demands. *See* Pl. Ltr. Mtn. at 1-2. In that regard, Hassan objects to producing (a) copies of letters that he initially sent to the Town, which he believes it already has in its possession; and (b) letters Hassan wrote "to organizations such as ACLU and Institute for Justice and [p]roperty [r]ights [o]rganizations asking to get legal advice." *Id.* at 2.

The Town submitted a letter in opposition, DE [40], raising the following arguments: (i) Hassan failed to comply with Local Civil Rule 37.3 because he made

---

[2] The Court notes that an inconsistency exists in Hassan's filings regarding the disposition of the Town's prosecution of him. Specifically, and as set forth above, Hassan claims in prior letters to the Court that he was found guilty of violating the Anti-Littering Law, but now claims in the instant motion that he accepted an adjournment in contemplation of dismissal. At this point, the record is unclear as to which of these statements accurately reflects the outcome of Hassan's trial but, in any event, the Court considers that portion of Hassan's motion as it is written—namely, seeking to compel production of an ACOD from the state court prosecution.

no effort to confer with the Town regarding this discovery dispute prior to making a motion[3]; (ii) the Town is not in possession of the minutes of Hassan's oral testimony from his trial, "as they are taken by a Court appointed Court Reporter and are held by the Court"; and (iii) the Town should not be required to produce correspondence between non-party Town residents and the Town concerning Hassan's property. *See* Ltr. Opp. at 1-2. In addition, the Town agreed to produce photographs introduced at his trial, the identity of the Town employee who issued Hassan an appearance ticket (according to the Town, this is the same employee who testified as a witness at Hassan's trial), and, subject to the above-mentioned objection, the correspondence requested by Hassan. *See id.* at 2. Finally, the Town cross-moved to compel Hassan to comply with its outstanding discovery demands. *See id.*

### III. Overview of Legal Standards

Before addressing the merits of Hassan's motion, prepared and filed *pro se*, the Court will review some fundamental concepts for his benefit. The scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim . . ." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* While the standard is broadly applied in order to allow the parties access to important facts, there are limits. For example,

---

[3] In fact, the Town contends that it arranged to meet and confer with Hassan at the Patchogue-Medford Library at 3:00 p.m. on May 8, 2015, that counsel for the Town appeared at 2:45 p.m. and waited on the premises until 4:00 p.m., but that Hassan failed to appear. Defendant asserts that its counsel called Hassan's cell phone from the library, but that Hassan did not answer. The Town states that it did not hear from Hassan again until he filed the instant motion. *See* Ltr. Opp. at 1.

5

the Court must limit discovery if it determines that the discovery "is unreasonably cumulative or duplicative" or that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issue." *Id.* at 26(b)(2)(C).

Litigants have several discovery devices at their disposal, including document demands and interrogatories. A document demand seeks the production of documents or other tangible items discussed in Rule 34 of the Federal Rules of Civil Procedure. Interrogatories are a discovery device consisting of written questions about the case submitted by one party to the other party, and are governed by Rule 33 of the Federal Rules of Civil Procedure. Frequently, the requesting party serves two separate demands—one for documents and the other for responses to interrogatories.

Another discovery device at a litigant's disposal is a subpoena, pursuant to Federal Rule of Civil Procedure 45. Under that Rule, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." *Id.* at 45(a)(3). The broad definition of relevance (*i.e.*, encompassing "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case") "is applicable to discovery through a subpoena, pursuant to Rule 45." *Sierra Rutile Ltd. v. Katz*, 90-cv-4913, 1994 U.S. Dist. LEXIS 6188, at *9 (S.D.N.Y. May 11, 1994).

When confronted with any of the discovery devices outlined above, a "person from whom discovery is sought may move for a protective order" and the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). That rule provides that such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* And, as noted above, "[a] protective order may only be issued . . . after the movant demonstrates that good cause exists for the protection sought." *Snider v. Lugli*, 10-cv-4026, 2011 U.S. Dist. LEXIS 127855, at *5 (E.D.N.Y. Nov. 4, 2011) (citing *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)).

Further, when a party seeking discovery believes that the opposing party has not complied with his requests, he may seek the Court's assistance in obtaining relevant discovery. Before seeking the Court's assistance, however, the moving party must make a good faith effort to resolve the dispute with his adversary. Local Civil Rule 37.3 requires that the two sides "confer in good faith in person or by telephone in an effort to resolve the dispute." This requirement is incorporated into the Court's Individual Rules. *See* J. Locke Indiv. R. 3(A)(i).

If a party is unable to resolve the dispute after making a good faith effort to do so, only then may he seek the Court's assistance. Rule 37 of the Federal Rules of Civil Procedure provides, in part, that a party seeking discovery may move for an order compelling discovery responses where the party from whom discovery is

7

sought provides evasive or incomplete disclosure or response, or otherwise fails to respond to the requests. If the responding party has not produced discovery or responded to interrogatories on the grounds of an objection or pursuant to a privilege, the requesting party may ask the Court to overrule that objection and order a party to produce documents or respond to interrogatories. A party's response that it has searched its records and concluded that "no such responsive documents exist" may satisfy that party's discovery obligation, and such a response is not grounds for a motion to compel absent some good faith basis for claiming that the response is evasive or incomplete. With these principles in mind, the Court turns to the pending motions.

## IV. Analysis

### A. Applicability of Local Civil Rule 37.3

At the outset, the Court notes that Hassan does not indicate that he made a good faith attempt to confer with the Town in person or by telephone to resolve this dispute before making a motion, contrary to this Court's Individual Rules and Local Civil Rule 37.3(a). In fact, the Town claims that it arranged to meet with Hassan to discuss discovery, but that Hassan failed to appear, did not answer his phone, and did not otherwise communicate with the Town prior to making the instant motion. Even more troubling, it appears that Hassan did not prepare or serve any requests for discovery in this action, and simply made a motion to compel as his first and only method of obtaining discovery. In this regard, the Court's role is not that of a litigant and it will not participate in the discovery process as the parties' go-

between in the first instance. Rather, as set forth more fully above, the parties are inexcusably obligated to follow applicable Federal, Local, and Individual rules, and may only seek Court intervention after unsuccessfully attempting in good faith to resolve any disputes that may arise. As a result, those portions of Hassan's motion seeking (i) the identification and production of witnesses and (ii) correspondence involving Town employees and/or witnesses, are denied for failure to follow applicable court rules, or to make any written requests of the Town for such documents and information prior to making a motion to compel. In the future, the Court will reject any motion that fails to include a certification of compliance with such rules.

### B. Hassan's Request for Court-Ordered Subpoenas

Next, the Court addresses Hassan's request that the Court issue subpoenas to the Suffolk County District Court, the Brookhaven Town Attorney, and the Suffolk County Legal Aid Society for the oral testimony from Hassan's criminal trial, any photographs introduced at the trial, and a copy of the ACOD he accepted. Initially, the Town agrees to produce the requested photographs, and as to them the motion is denied as moot. In addition, the Town asserts that it is not in possession of the minutes of Hassan's trial, and that such testimony was transcribed by a stenographer and maintained by the Suffolk County District Court. In that regard, Hassan has not explained what efforts, if any, he has made to contact the Suffolk County District Court to obtain these records, the result of those efforts, or specifically why a subpoena is needed to achieve their production. Moreover,

Hassan does not claim to have consulted Rule 45 prior to making the instant motion, or complied with any of the requirements or procedures set forth therein for issuing a subpoena. While the Town does not specifically address Hassan's request for a copy of his ACOD, the Court's reasoning applies with equal force to that branch of the application, and Hassan's motion for Court-ordered subpoenas is denied.

### C. The Parties' Requests for Protective Orders

Both parties seek the Court's permission to withhold certain categories of documents from the other. Specifically, Hassan objects to producing (i) copies of letters that he initially sent to the Town, which he claims it already has, or should have, in its possession; and (ii) letters he allegedly wrote to organizations such as the ACLU purportedly seeking legal advice. Similarly, the Town objects to producing correspondence between non-party Town residents and the Town concerning Hassan's property. In this regard, the Town claims that it "does not divulge the name of any complainants due to the fact that it would place that individual in a precarious position, and could quite possibly create a hazardous situation for the complainant." Ltr. Opp. at 2. As described above, a motion for a protective order must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. And, such an order is only warranted after the movant demonstrates that good cause exists for the protection sought.

10

Initially, there is no dispute that Hassan failed to confer or attempt to confer in good faith with the Town to resolve this dispute without the Court's intervention. However, to avoid duplicative motion practice, the Court considers this portion of Hassan's motion on the merits. With respect to correspondence that Hassan initially sent to the Town, and which he believes should still be in the Town's possession, the motion is denied. While arguably cumulative, there is no basis for concluding that it is unreasonably so, as required by the Federal Rules. *See* Fed. R. Civ. P. 26(b)(2)(C). However, to the degree Hassan interprets the Town's discovery demands to seek correspondence—or any documents or information, for that matter—which involve communications between Hassan and an attorney for the purpose of securing legal advice, Hassan may object to the production of such materials as protected by the attorney-client privilege.[4] In any event, Hassan is required to respond, in writing, to each of the Town's discovery demands. And, to the extent he objects to the production of certain documents or information on the basis of privilege, Hassan shall prepare and serve a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5)(A), which "requires that a party withholding discovery on the basis that the requested information is privileged . . . must 'describe the nature of the documents, communications, or

---

[4] To establish that a communication is privileged, the party asserting the privilege must show that: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *Wultz v. Bank of China*, 979 F. Supp. 2d 479, 487 (S.D.N.Y. 2013) (quoting *Colton v. United States*, 306 F.2d 633, 637 (2d Cir. 1962)).

tangible things not produced—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *McNamee v. Clemens*, 09-cv-1647, 2013 U.S. Dist. LEXIS 179736, at \*5-\*6 (E.D.N.Y. Sept. 18, 2013) (quoting Fed. R. Civ. P. 26(b)(5)(A)). Local Civil Rule 26.2 further "commands *inter alia* that when documents sought . . . . are withheld on the ground of privilege, [a privilege log] shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court." *Id.* at \*6 (citations and quotation marks omitted). As no protective order is needed to shield Hassan's privileged communications from disclosure, that branch of the motion is also denied.

Next, the Town seeks an Order permitting it to withhold the identity of the civilian complainant who voiced concern about the condition of Hassan's property. However, Hassan has not yet served any discovery demands upon the Town and so a ruling regarding the proper scope of the Town's response is premature at this time. Thus, the Town's request for a protective order is denied without prejudice and with leave to renew at the appropriate time, if necessary.

### D. <u>Hassan's Obligation to Respond to the Town's Demands</u>

Finally, the Town seeks to compel Hassan to respond to its outstanding discovery demands. However, according to the operative discovery schedule in this case, the parties have until June 26, 2015 to do so. As this date has not yet arrived, Hassan's responses are not due, and there is no basis to compel them. Therefore,

this request, too, is denied without prejudice and with leave to renew at the appropriate time, if necessary.

**V.     Conclusion**

Based on the foregoing, Hassan's motion to compel and the Town's cross-motion to compel are denied.  In the future, the parties are advised to cooperate with one another in the exchange of discovery, pursuant to applicable Federal, Local, and Individual rules, and to refrain from filing these types of motions without first making a good faith effort to comply with such rules and, after having done so, amicably resolving any disputes that may arise.  The parties are further reminded that a telephonic status conference is scheduled for **July 6, 2015 at 2:30 p.m.**

Dated:     Central Islip, New York
           May 29, 2015            **SO ORDERED:**

                                   s/ Steven I. Locke
                                   STEVEN I. LOCKE
                                   United States Magistrate Judge